## DOTY v. WHITTLE.

### No. 11,093; August 26, 1886.

11 Pac. 761.

New Trial—Appeal.—When the Discretion of the Judge Who Presided at the hearing of the motion for a new trial appears to have been fairly exercised, the supreme court will not condemn his action.

Eagon & Armstrong for appellant, Doty; A. C. Brown for respondent, Whittle.

FOOTE, C.—This is an appeal from an order granting a new trial. Judge Moore tried the cause, a jury being waived, and gave judgment for the plaintiff. A statement on motion for a new trial was settled by him, and afterward the motion was duly heard and granted by Judge Griffith. The order was clearly made on the ground that the evidence was insufficient to justify the decision.

The appellant contends that the statement on the motion for a new trial did not properly specify the particulars in which the evidence was alleged to be insufficient for such purpose. The action was for damages for an unlawful entry by the defendant on the plaintiff's land, and the digging thereon, without the latter's permission, of certain "post-holes." The main question of dispute on the trial was as to whether the land on which the holes were dug belonged to the former or the latter person, as their lands were adjoining, and the exact line which divided them was uncertain and in dispute. Such being the case, we think that the first specification of the insufficiency of the evidence to justify the decision unmistakably directed the attention of court and counsel to the particulars relied on by the moving party, to the end that the evidence bearing on such specification might be inserted in the statement, and considered by the judge. Such evidence was inserted in the statement, and it had direct pertinency to the issue raised by the pleadings. The discretion of the judge who presided on the hearing of the motion was, we think, fairly and properly exercised. When that appears to be the case, this court does not condemn such action: Gerold v. Brunswick & B. Co., 67 Cal. 124, 7 Pac. 306, and cases there cited.

The order should be affirmed.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion the order is affirmed.